IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| MARCO ANTONIO VENEGAS, ET AL., <br> on behalf of themselves and all others <br> similarly situated, <br>     Plaintiffs, <br> <br> vs. <br> <br> MURRAY DRYWALL AND <br> INSULATION OF TEXAS, INC. and <br> LUCAS ENTERPRISES, INC., <br> <br>     Defendants. | No. 3:13CV00036 SWW |

**Order**

  Before the Court is plaintiffs' motion for attorneys' fees and costs to which there has been no response. Plaintiffs' counsel states defendant Murray Drywall will not oppose a request for fees and costs that does not exceed $30,000.00.

  Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) provides, in part: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b) but the amount of the award is within the discretion of the court. *See Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1084 (8th Cir. 2000)(review of award of FLSA fees for abuse of discretion).

  In the Eighth Circuit, the procedure used for determining an attorney's fee award is to compute the base "lodestar" figure by multiplying the number of hours reasonably expended by reasonable hourly rates. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate

hours expended. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In determining the amount of attorney's fees, the Court may consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 430, n.3.

Plaintiffs state the hours they spent prosecuting the case multiplied by their hourly rates amounts to $53,727.50 in fees. They assert convincingly that the hours expended and the hourly rates charged are reasonable. They also claim $973.02 in costs. Plaintiffs state, however, that they have agreed to reduce their fees and costs to the amount Defendant Murray Drywall has agreed to pay, $30,000.00.

Considering all the *Hensley* factors, the Court finds the motion for an award of attorneys' fees and costs [ECF No. 49] should be granted. Plaintiffs are awarded attorney fees and costs in the amount of $30,000.00.

SO ORDERED this 27th day of May, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE